IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| John Stritzinger, | ) | C/A No.  3:15-2978-TLW-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| United States Office of the General Services | ) | |
| Administration; Executive Office of the | ) | |
| President of the United States; Verizon | ) | |
| Business Enterprise Services, *doing business* | ) | |
| *as MCI Communications Services Inc.*; Mr. | ) | |
| Dan Tangherlini, *in his role as the former head* | ) | |
| *of the GSA*; Ms Katherine Ruemeller, *in her* | ) | |
| *role as White House Counsel*; Denise Turner | ) | |
| Roth; Warren Neil Eggleston; Susan Zeleniak; | ) | |
| Brian Kennedy; Dr. Peter Tippett; Nicola | ) | |
| Palmer; Joseph Biden; Jacob Lew, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This is a civil action filed by a *pro se* litigant.  Under Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

By order issued on August 19, 2015 the court allowed Plaintiff an opportunity to bring this case into proper form for initial review.  (ECF No. 8.)  Plaintiff substantially complied with the court's order.

**PAYMENT OF THE FILING FEE**:

Plaintiff submitted two Applications to Proceed Without Prepaying Fees or Costs (Form AO240), which the court construed as a motions for leave to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915.  (ECF Nos. 2, 23.)  A review of the motions reveal that Plaintiff should be relieved of the obligation to prepay the full filing fee.  Therefore, Plaintiff's first motion for leave to proceed *in forma pauperis* is granted (ECF No. 2), subject to the court's right to require a payment if Plaintiff's financial condition changes, and to tax fees and costs against Plaintiff at the conclusion of this case if the court finds the case to be without merit.  *See Flint v. Haynes*, 651 F.2d 970, 972-74 (4th Cir. 1981).  Plaintiff's second motion to proceed *in forma pauperis* (ECF No. 23) is terminated as moot.

**MOTION TO FILE ELECTRONICALLY**:

Plaintiff seeks permission to file electronically in this court.  (ECF No. 15.)  The Electronic Case Filing ("ECF") Policies and Procedures for the District of South Carolina provide that "[o]nly attorneys admitted in this district or counsel in multi-district litigation transferred to this district may be *Filing Users*" of the ECF System and a "party who is not represented by an attorney shall file papers in the *Traditional Filing Method*" by submitting original documents bearing the signature of the *pro se* party.  Electronic Case Filing Policies and Procedures (D.S.C.) §§ 1.3, 1.11, 3.3 (May 12, 2006) (emphasis in original).  Therefore, Plaintiff's motion to file documents electronically is denied.  (ECF No. 15.)

**MOTION TO APPOINT COUNSEL**:

Plaintiff seeks the appointment of counsel in this case.  (ECF No. 18.)  Generally, there is no constitutional right to appointed counsel in civil actions.  *See, e.g.*, *Mallard v. United States District Court*, 490 U.S. 296, 302 (1989); *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975).  Whether to grant a litigant's request for appointment of counsel is within the discretion of the district courts. *See Bowman v. White*, 388 F.2d 756, 761 (4th Cir. 1968) (noting that appointment of counsel "is a privilege and not a right" and is "a matter within the discretion of the District Court").  Moreover, while the court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases."  *Cook*, 518 F.2d at 780 (4th Cir. 1975). Whether exceptional circumstances exist turns "on the quality of two basic factors-the type and complexity of the case, and the abilities of the individuals bringing it."  *Brock v. City of Richmond*, No. 92-6122, 1993 WL 5898, at *2 (4th Cir. Jan 14, 1993) (quoting *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard*, 490 U.S. 296).

In this case, Plaintiff seeks appointment of counsel based on limited "legal resources," but indicates that he has the capability of assisting as "co-counsel" in this case.  (ECF No. 18 at 1.)  As Plaintiff has shown his ability to communicate with the court and represent his interests in this lawsuit, the court finds that there are no exceptional or unusual circumstances presented which would justify the appointment of counsel, nor would Plaintiff be denied due process if an attorney were not appointed.  *See Whisenant*, 739 F.2d at 163.  Accordingly, Plaintiff's motion for a discretionary appointment of counsel is denied.  (ECF No. 18.)

**MOTION TO ORDER PAYMENT OF INVOICES**:

Plaintiff seeks the payment for invoices associated with intellectual property and professional services. (ECF No. 18 at 1.)  The instant case is recommended for summary dismissal in a separately docketed Report and Recommendation.  Therefore, the court denies Plaintiff's motion for the payment of invoices at this time.  (ECF No. 18.)

**MOTION TO CONSOLIDATE CASES**:

Plaintiff seeks consolidation of this case with three other cases he has filed in this court. (ECF No. 21 at 1.)  However, as the instant action is recommended for summary dismissal in a separately docketed Report and Recommendation, Plaintiff's motion to consolidate this action with other cases is denied.  (ECF No. 21.)

**MOTION FOR SERVICE**:

Plaintiff's motion asks the court to create summonses and Forms USM-285 on Plaintiff's behalf and serve such documents on the defendants.  (ECF No. 25.)  As discussed in the order directing Plaintiff to bring this case into proper form, it is Plaintiff's responsibility to provide the service documents necessary to advance a case.  (ECF No. 8.)  Moreover, as indicated above, the instant case is being recommended for summary dismissal.  Accordingly, Plaintiff's motion for service is denied.  (ECF No. 25.)

**MOTION FOR EMERGENCY PRELIMINARY HEARING AND MOTION TO COMPEL**:

Plaintiff seeks an emergency hearing to determine "ownership and payments" associated with intellectual property, and seeks an order compelling a "sealed response" from Defendant Ruemeller or the President regarding whether a bid for such intellectual property is still valid.  (ECF No. 26.) Because the case is recommended for summary dismissal, Plaintiff's motions are denied.  (ECF No. 26.)

**MOTION TO AMEND/CORRECT**:

Plaintiff seeks to Amend the Amended Complaint to add Barack H. Obama as a party in this case.  (ECF No. 30.)  A separately docketed report and recommendation finds Plaintiff's claims against the federal government and federal officials named in this case to be subject to summary dismissal.  Moreover, as President of the United States, Obama is entitled to absolute immunity.  See Harlow v. Fitzgerald, 457 U.S. 800, 807 (1982).  Accordingly, Plaintiff's motion to add President Obama to this case is denied as futile.  (ECF No. 30.)

**MOTION TO STAY**:

Plaintiff seeks to "stay proceedings for discovery."  (ECF No. 31 at 1.)  As this case is recommended for summary dismissal in a separately docketed Report and Recommendation, Plaintiff's motion to stay proceedings for discovery is denied.  (ECF No. 31.)

**CLERK OF COURT**:

The Clerk of Court is directed *not* to issue the summonses for service of process at this time.

**IT IS SO ORDERED**.

January 29, 2016                                   Paige J. Gossett
Columbia, South Carolina                      UNITED STATES MAGISTRATE JUDGE