IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| John Stritzinger, | ) | C/A No. 3:15-2978-TLW-PJG |
|               Plaintiff, | ) ) ) | |
| v. | ) ) | |
| United States Office of the General Services Administration; Executive Office of the President of the United States; Verizon Business Enterprise Services, *doing business as MCI Communications Services Inc.*; Mr. Dan Tangherlini, *in his role as the former head of the GSA*; Ms Katherine Ruemeller, *in her role as White House Counsel*; Denise Turner Roth; Warren Neil Eggleston; Susan Zeleniak; Brian Kennedy; Dr. Peter Tippett; Nicola Palmer; Joseph Biden; Jacob Lew, | ) ) ) ) ) ) ) ) ) ) ) ) | **REPORT AND RECOMMENDATION** |
|               Defendants. | ) ) | |

The plaintiff, John Stritzinger, proceeding *pro se*, brings this action alleging a contract dispute. (ECF 27-2 at 3.) The Amended Complaint has been filed pursuant to 28 U.S.C. § 1915. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Amended Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.[1]

---

[1] To preserve issues raised in this case and to give liberal construction to the pleadings, Plaintiff's Complaint (ECF No. 1) has been appended to his Amended Complaint (ECF No. 27) as an attachment (ECF No. 27-2).

Page 1 of 8



I.      **Factual and Procedural Background**

Plaintiff alleges that, in June of 2013, "the President of the United States informed Verizon" that the federal government intended to purchase intellectual property "surrounding core location, metadata systems, and threat management systems, developed specifically for the President." (ECF No. 27-2 at 1.) Plaintiff claims that the President offered "200M dollars" for this intellectual property, which was allegedly developed by Plaintiff. (Id.) In August of 2013, Verizon allegedly entered into a dispute with Plaintiff over the intellectual property and in December of 2013, the United States District Court for the District of Columbia allegedly entered an order enjoining the federal government "from developing or procuring anything in regards to Metadata systems." (Id.) Plaintiff alleges that the federal court's order "essentially reviewed the [P]resident's use of technology for national security under the 4th Amendment" and Plaintiff believes that the court does not "have the power to review the President's policies." (Id.) Plaintiff asserts that this court order and/or other federal cases associated with the federal government's use of technology "caused himself and the United States harm" and Plaintiff appears to allege that the Uniting and Strengthening America by Fulfilling Rights and Ensuring Effective Discipline Over Monitoring Act of 2015 ("USA FREEDOM Act of 2015 "), Pub. L. No. 114-23, 129 Stat. 268 (2015), rendered the effect of the federal court order/other federal cases moot.[2] (Id. at 1-2.)

Plaintiff asserts that neither he nor Verizon have been paid for the intellectual property and Plaintiff has submitted an invoice to Defendants Ruemeller, Tangherlini, and Verizon for "200M

---

[2] The court notes that final decisions of district courts are appealable in the courts of appeals and final decisions of federal appellate courts are reviewed by the United States Supreme Court. See 28 U.S.C. §§ 1254, 1291. Accordingly, to the extent Plaintiff complains of final decisions made by other federal district or appellate courts, this court lacks jurisdiction to review such decisions.



USD." (Id. at 2.) Defendants Tangherlini and Ruemeller are also named as federal employees to whom Plaintiff has written about these issues, but received no response and/or no assistance. (Id. at 1-2.) Plaintiff alleges that he retains ownership of the intellectual property "until the [P]resident pays Verizon" and that Plaintiff has "accepted the President's offer of 200M dollars, [which he] would like to be paid with the proceeds being held in escrow." (Id. at 2-3.) Plaintiff asks this court to "sign an order on whether it believes it has jurisdiction" over other federal courts to grant him relief. (Id. at 3.) Plaintiff also "believes damages are required." (Id.) Plaintiff provides no factual allegations against the defendants added via the Amended Complaint and instead discusses only their job titles and duties.[3] (ECF No. 27 at 1-2.)

## II.  Discussion

### A.  Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint. This court is required to liberally construe pro se complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

---

[3] The following defendants were added by the Amended Complaint: Denise Turner Roth; Warren Neil Eggleston; Ms. Susan Zeleniak; Mr. Brian Kennedy; Dr. Peter Tippett; Ms. Nicola Palmer; Mr. Joseph Biden; and Mr. Jacob Lew. (ECF No. 27 at 1-2.)



Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### B.     Analysis

#### 1.     Claims Against Federal Entities, Officials, and Employees

Under the principle of sovereign immunity, individuals may not sue the United States or its agencies without their consent.  See FDIC v. Meyer, 510 U.S. 471, 484-86 (1994).  However, the "United States' waiver of sovereign immunity with respect to contract claims is embodied in the Tucker Act, 28 U.S.C. § 1491(a)(1), and the Little Tucker Act, 28 U.S.C. § 1346(a)(2)."  Vill. of Bald Head Island v. United States Army Corps of Engineers, 833 F. Supp. 2d 524, 534 (E.D.N.C. 2011), aff'd, 714 F.3d 186 (4th Cir. 2013).  "The Tucker Act confers jurisdiction only on the United States Court of Federal Claims to hear cases involving express or implied contracts with the United States. 28 U.S.C. § 1491(a)(1).  The Little Tucker Act confers concurrent jurisdiction on the district courts to hear contract claims involving the United States that do not exceed $10,000.  28 U.S.C.



§ 1346(a)(2)." Id. Thus, jurisdiction over a contract claim is vested exclusively in the Federal Claims Court if the action is "against the United States, seek[s] monetary relief in excess of $10,000, and [is] founded upon . . . [a] government contract." Portsmouth Redevelopment and Hous. Auth. v. Pierce, 706 F.2d 471, 473 (4th Cir. 1983) (citing 28 U.S.C. §§ 1346(a)(2), 1491).[4]

The gravamen of Plaintiff's Amended Complaint involves a contract with the United States Government for intellectual property allegedly developed by Plaintiff for the President of the United States. Plaintiff seeks damages associated with this "200M dollar" contract, which he believes "would result in a commission payment between 2M dollars and 20M dollars for his work on the matter." (ECF No. 27-2 at 2-3.) As Plaintiff seeks monetary relief in excess of $10,000 for a contract claim against the federal government, exclusive jurisdiction over this matter lies with the Federal Claims Court. See Portsmouth, 706 F.2d at 475; see also Hannah v. United States Air Force, C/A No. 3:08-3890-JFA-JRM, 2010 WL 128291, at *3 (D.S.C. Jan. 13, 2010) ("The Plaintiff bears the burden of demonstrating that his claims do not exceed the $10,000 in damages required for concurrent district court jurisdiction [under 28 U.S.C. § 1346(a)(2)]."). Accordingly, this court lacks jurisdiction to hear Plaintiff's contract claim against the federal government and its officials or employees, and the action is subject to summary dismissal as to the following defendants: United States Office of the General Services Administration; Executive Office of the President of the United

---

[4] To the extent Plaintiff seeks specific performance of a contract with the federal government, the "Tucker and Little Tucker Acts 'impliedly forbid' federal courts from ordering declaratory or injunctive relief, at least in the form of specific performance, for contract claims against the government, and . . . the [Administrative Procedure Act] thus does not waive sovereign immunity for such claims." Vill. of Bald Head Island, 833 F. Supp. 2d at 534 (quoting Robbins v. United States Bureau of Land Mgmt., 438 F.3d 1074, 1082 (10th Cir. 2006)). Further, where the "Fourth Circuit has found that a district court does have jurisdiction to order specific performance of contracts against the Government, it has done so only where such relief was expressly allowed in a different statute." Id. at 534 n.5.



States; Mr. Dan Tangherlini, in his role as former head of the General Services Administration ("GSA"); Ms. Katherine Ruemeller, in her role as White House Counsel; Denise Turner Roth, in her role as Acting Director of the GSA; Warren Neil Eggleston, as Acting Chief Legal Officer for the Executive Offices of the President; Mr. Joseph Biden, as Vice President of the United States; and Jacob Lew, as Treasury Secretary of the United States.[5] See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside this [court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.") (citations omitted).

### 2.     Claims Against Verizon and Verizon Employees[6]

Although the court must liberally construe a *pro se* complaint, the United States Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim and must provide sufficient factual information to put defendants on notice of their wrongdoing. See Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Fed. R. Civ. P. 8(a)(2) (providing that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."). Further, the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678-79. In this case Plaintiff alleges that "Verizon Legal officers entered a dispute with [Plaintiff] over an intellectual property agreement" in August 2013. (ECF No. 27-2 at 1.) However,

---

[5] The court notes that Plaintiff appears to name all of the federal employees/officials in their official capacity (ECF No. 27 at 1-2) and "a suit against a federal official for acts performed within his official capacity . . . amounts to an action against the sovereign." Portsmouth, 706 F.2d at 473.

[6] Plaintiff provides no factual allegations to plausibly suggest that Defendant Verizon Business Enterprise Services, or its employees, are named as anything other than a private company and private individuals.



to the extent Plaintiff may be attempting to assert a state law contract claim against Defendant Verizon Business Enterprise Services, doing business as MCI Communications Services, Inc., under this court's diversity jurisdiction, the Amended Complaint's sole allegation is insufficient to plausibly assert such a claim.[7]  See Twombly, 550 U.S. at 570 (holding that plaintiffs must state enough facts to "nudge[] their claims across the line from conceivable to plausible").  With regard to the Verizon employees and officials named in the Amended Complaint, Plaintiff identifies them by name and job title/description, but provides no factual allegations to plausibly suggest that these defendants are liable for a breach of contract or any other type of claim.  Id.  Therefore, the following defendants are also entitled to summary dismissal from this action:  Verizon Business Enterprise Services; Ms. Susan Zeleniak; Mr. Brian Kennedy; Dr. Peter Tippett; and Ms. Nicola Palmer.

### III.    Conclusion

Accordingly, the court recommends that the Amended Complaint be summarily dismissed without prejudice and without issuance and service of process.

January 29, 2016                                              Paige J. Gossett
Columbia, South Carolina                            UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important notice on the next page.*

---

[7] A state law contract claim would not be cognizable in this court absent diversity of citizenship under 28 U.S.C. § 1332, or supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  In this case, supplemental jurisdiction would not exist because Plaintiff's federal claim is subject to summary dismissal.  See 28 U.S.C. § 1367(c)(3); see also Tigrett v. Rector and Visitors of the Univ. of Va., 290 F.3d 620, 626 (4th Cir. 2002) (affirming district court's dismissal of state law claims when no federal claims remained in the case).  Further, the court notes that Plaintiff has not expressly invoked jurisdiction based on complete diversity of the parties.  See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372-74 nn.13-16 (1978) (holding that complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).