IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| John S. Stritzinger,<br><br>PLAINTIFF<br><br>v.<br><br>United States Office of the General Services Administration; Executive Office of the President of the United States; Verizon Business Enterprise Services, *doing business as MCI Communications Services Inc*.; Mr. Dan Tangherlini, *in his role as the former head of the GSA*; Ms Katherine Ruemeller, *in her role as White House Counsel*; Denise Turner Roth; Warren Neil Eggleston; Susan Zeleniak; Brian Kennedy; Dr. Peter Tippett; Nicola Palmer; Joseph Biden; Jacob Lew,<br><br>DEFENDANTS | Case No. 3:15-cv-2978-TLW<br><br><br><br>**ORDER** |

Plaintiff John S. Stritzinger, proceeding *pro se*, filed this action alleging a contract dispute. ECF No. 27-2. The matter now comes before the Court for review of the Report and Recommendation (R&R) filed on January 29, 2016, by Magistrate Judge Gossett, to whom this case was assigned. ECF No. 34. In the R&R, the magistrate judge recommends that Plaintiff's Amended Complaint should be summarily dismissed without prejudice and without issuance of service of process. Plaintiff filed objections to the R&R on February 22, 2016, and supplemental objections on April 12, 2016. ECF Nos. 39 & 42. This matter is now ripe for decision.

In reviewing the R&R, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo

1

> or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Hous. Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the R&R and Plaintiff's objections. After an appropriate review, the R&R is **ACCEPTED** and Plaintiff's objections are **OVERRULED**. Plaintiff's Amended Complaint is hereby **DISMISSED** without prejudice and without issuance of service of process for the reasons stated by the magistrate judge.

Additionally, after the R&R was filed, Plaintiff filed multiple documents that purport to be motions, including: Motion for Reconsideration and Motion to Compel Mediation (ECF No. 36); Motion for Request for Issuance of Subpoenas (ECF No. 38); Motion for Jurisdictional Ruling and Finding (ECF No. 40); Motion to Certify Questions to the US Supreme Court and Request for US Magistrate to Set a Time to Take Depositions (ECF No. 41); and a Notice of Past Due Ruling (ECF No. 42). In light of the dismissal of the Amended Complaint, these motions are all **TERMINATED AS MOOT**. The Court also notes that it reviewed these filings and finds each to be without sufficient legal merit. *See United States v. Patel*, 879 F.2d 292, 295 (7th Cir. 1989) ("When issues patently lack merit, the reviewing court is not obliged to devote scarce judicial resources to a written discussion of them.").

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Chief United States District Judge

May 27, 2016
Columbia, South Carolina